(No. 61487

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERTO RAMIREZ, Appellant.

*Opinion filed October 1, 1986.—Rehearing denied December 1, 1986.*

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chi-

cago, and Joan S. Cherry, Thomas V. Gainer, Jr., Kevin Sweeney, and Christopher J. Cummings, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

This is the second appeal that the defendant, Roberto Ramirez, has brought to this court. In the first appeal, his convictions of murder and attempted armed robbery in the circuit court of Cook County were affirmed, but the death sentence was vacated and the cause remanded for a new sentencing hearing. (*People v. Ramirez* (1983), 98 Ill. 2d 439.) On remand, the defendant moved to bar a second death penalty hearing, contending that the State and Federal constitutional guarantees against double jeopardy precluded the State from seeking a death sentence a second time. The trial court denied the motion, and the defendant filed a notice of appeal to the appellate court. (See 103 Ill. 2d R. 604(f).) On the State's motion, we allowed a direct appeal to this court (103 Ill. 2d R. 302(b)), and we now affirm the judgment of the circuit court.

The defendant was indicted for the attempted armed robbery of the First National Bank of Lincolnwood in September 1977 and for the murder of James Koumoundouros, a Chicago police officer who was working in off-duty hours as an armed security guard at the bank. After he was found guilty in a bench trial, the defendant asked for a jury at his capital sentencing hearing. At the bifurcated hearing, he was found subject to the death penalty and sentenced to death. (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(g).) This court vacated the sentence because of errors at both stages of the hearing. This court held that the defendant was denied a fair sentencing hearing because of four errors at the hearing: (1) the trial court had refused to instruct the jury that it was not to consider the defendant's silence at the hearing; (2) the pros-

ecutor had commented during closing arguments on the defendant's silence at both stages of the hearing; (3) during the first stage of the hearing, the prosecutor improperly called the widow of the deceased as a witness; and (4) the prosecutor had continually referred to the deceased as a police officer when that circumstance was not being invoked as an aggravating factor to qualify the defendant for the death sentence. This court remanded for a new sentencing hearing and to determine the sentence to be imposed on the attempted-armed-robbery conviction (the record indicated that no sentence had been imposed on that conviction). 98 Ill. 2d 439, 473.

The defendant asserts that the assurances against double jeopardy in the Constitution of Illinois and the Constitution of the United States (Ill. Const. 1970, art. I, sec. 10; U.S. Const., amend. V) bar the State from again seeking the death penalty because the prosecutor's errors at the first sentencing hearing would have justified the trial judge's declaring a mistrial, although a mistrial was not declared. It is clear that generally retrial (or here resentencing) is proper unless the conviction was reversed because the evidence was legally insufficient. (*Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141.) However, retrial is not proper if the prosecutor has provoked a mistrial, because an accused is entitled to have the charges against him decided by the first trier of fact. (*Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083; *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187; *United States v. Dinitz* (1976), 424 U.S. 600, 47 L. Ed. 2d 267, 96 S. Ct. 1075.) The defendant asks us, as the defendant in *People v. Davis* (1986), 112 Ill. 2d 78, did, to extend the bar against a new sentencing hearing to cases where, although no mistrial was in fact declared, the court would have been justified in declaring a mistrial. A bar should be imposed, he argues,

because the errors at his sentencing hearing were so egregious that it can be inferred that the prosecutor intended to provoke a mistrial. The Supreme Court held in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, that double jeopardy principles bar a retrial if the prosecutor intended to cause a mistrial, and the defendant here would apply the bar to resentencing. In *Davis* we followed the holding in *Kennedy*, focusing on whether the prosecutor's errors disclosed an intent to provoke a mistrial. We held no intent was shown. *People v. Davis* (1986), 112 Ill. 2d 78, 86.

The defendant points to the three errors of the prosecution committed at his sentencing hearing, which (along with one error by the trial court) were the grounds for the vacation of his sentence, saying the errors support an inference of an intent to provoke a mistrial. We consider that those errors—the prosecutor's comments on the defendant's silence; the prosecutor's unjustified calling of the deceased's widow as a witness; and the prosecutor's continual reference to the deceased as a police officer when that fact was not being used as an additional aggravating factor—do not allow an inference that the prosecutor was intentionally attempting to provoke a mistrial. The Supreme Court, in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, made clear that prosecutorial misconduct is a very narrow exception to the general holding that the guaranty against double jeopardy does not bar retrial following a reversal because of trial errors. The Supreme Court in *Kennedy*, specifically rejecting a more generalized standard of "bad faith conduct" or "harassment" in judging whether a mistrial was provoked, held that the error must disclose the prosecutor's *intent* to provoke a motion for a mistrial. We followed this standard of intent in *Davis. Oregon v. Kennedy* (1982), 456 U.S. 667, 674, 72 L. Ed. 2d 416, 424, 102 S. Ct. 2083, 2088-89; *People v.*

*Davis* (1986), 112 Ill. 2d 78, 86.

To support his contention that the prosecution in fact did intend to provoke a mistrial, the defendant notes this court's observation in the disposition of his first appeal that the prosecutor had "purposely" presented testimony of the deceased's widow at his sentencing hearing in a way that likely caused the jury to believe that the fact that the deceased had left a widow was material to the determination of his eligibility for the death penalty. (98 Ill. 2d 439, 454.) However, that a prosecutor may have purposely offered evidence constituting error should neither be equated with actually showing an intent to provoke a mistrial nor be the ground for a reasonable inference of an intent to provoke a mistrial. After all, "[e]very act on the part of a rational prosecutor during a trial is designed to 'prejudice' the defendant by placing before the judge or jury evidence leading to a finding of his guilt." (*Oregon v. Kennedy* (1982), 456 U.S. 667, 674, 72 L. Ed. 2d 416, 424, 102 S. Ct. 2083, 2089.) The same may be said in regard to the prosecution's calling of the deceased's widow as a witness. The defendant did object to the widow being called, but the reference to the defendant's silence at the sentencing hearing, which we held to be error, did not even prompt a defense objection, much less a motion for mistrial. "In view of the failure of both the defense counsel and the trial judge to recognize immediately the need for a mistrial, it is difficult to credit the premise that the prosecutor could not have committed such conduct without knowing and intending that a mistrial would result." (*United States v. Curtis* (3d Cir. 1982), 683 F.2d 769, 777, *cert. denied* (1982), 459 U.S. 1018, 74 L. Ed. 2d 512, 103 S. Ct. 379.) The trial court correctly held that the errors did not show an intention by the prosecution to provoke a mistrial.

The defendant contends also that, since his first ap-

peal was automatic, as mandated by statute (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(i); 87 Ill. 2d R. 603), he should be excepted from the general holding that the double jeopardy principle is not invocable when a defendant's conviction is reversed (except for insufficient evidence). This is because, he says, that holding "rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." (*North Carolina v. Pearce* (1969), 395 U.S. 711, 721, 23 L. Ed. 2d 656, 667, 89 S. Ct. 2072, 2078.) But clearly it does not matter whether "the slate [has been] wiped clean" through the defendant's own act of appealing or whether it has been through an appeal mandated by statute.

The defendant argues too that the cause should be remanded for an evidentiary hearing on his motion to bar a second capital sentencing proceeding. *People v. Franklin* (1983), 119 Ill. App. 3d 899, which he cites, is distinguishable because the trial court in *Franklin* had made no factual findings on the question of the prosecution's intent (119 Ill. App. 3d 899, 906), while the trial court here specifically held that the prosecution's actions at the first sentencing proceeding did not bar a second death penalty hearing on double jeopardy grounds.

For the reasons stated, we affirm the circuit court's judgment denying the defendant's motion to bar a second capital sentencing hearing and remand the cause to the circuit court of Cook County for proceedings consistent with this opinion.

*Judgment affirmed;*
*cause remanded.*