375 S.E.2d 590

**STATE of West Virginia
ex rel. Bruce BASS**

v.

**The Honorable W. Robert ABBOT.**

**No. 18631.**

Supreme Court of Appeals of
West Virginia.

Dec. 8, 1988.

G. Ernest Skaggs, Skaggs & Skaggs, Fayetteville, for appellant.

Charles E. King, Jr., Pros. Atty., for appellee.

NEELY, Justice:

Petitioner seeks to prohibit a second trial on a charge of delivering cocaine. At the close of evidence in petitioner's first trial, petitioner's counsel moved the court to dismiss the case with prejudice because the state had provided petitioner with an incorrect date for the offense and petitioner relied on that date to prepare his alibi defense. The trial court found that the misinformation did not result from any intentional act by the prosecutor and granted a mistrial without prejudice.

Petitioner was arrested on 9 August 1987, for delivering cocaine. Although the offense actually took place on 26 June 1987, the arrest warrant stated the date of the offense as 27 June 1987. The complaint for the warrant provided both 26 June 1987, and 27 June 1987 as dates for the offense. The state filed a request for alibi that stated the date of the offense as 18 June 1987. Defense counsel responded ten days before trial as required, with an alibi defense for 27 June 1987, apparently relying on the arrest warrant. The state then filed a motion for a more definite statement of the alibi defense and provided 27 June 1987 as the date. Petitioner's sister testified for the state, and her statement, obtained several months prior to trial and discovered by petitioner, set the date of the offense on 27 June 1987. The report filed by the investigating officer, which was also discovered by petitioner, states that the offense occurred on 26 June 1987.

The trial began on Friday, 6 May 1988, apparently without either side's realizing the discrepancy concerning the date of the offense. The prosecutor said the crime took place on 26 June 1987 in his opening statement. Trooper Hylton, the investigating officer and the state's chief witness, testified on direct and on cross-examination that the crime took place on 26 June 1987.

On Monday, 9 May 1988, the state concluded its case in chief, and petitioner presented his defense, which consisted primarily of an alibi for 27 June 1987. Then, in rebuttal, the state called Trooper Hylton who testified once again that the crime took place on 26 June 1987. Petitioner's counsel moved the court to grant a mistrial with prejudice. The trial court found that the confusion over the correct date for the offense resulted from a mistake rather than any deliberate action by the prosecutor. Therefore, the trial court declared a mistrial without prejudice, to which ruling petitioner objected. Petitioner now argues that allowing him to be re-tried would violate the "double jeopardy" provisions of the state and federal *Constitutions*.[1]

In the case of a defendant who successfully moves for a mistrial, the U.S. Supreme Court, in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), held:

> But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

456 U.S. at 679, 102 S.Ct. at 2091, 72 L.Ed.2d at 427.

■■■ We specifically adopted this standard in *State v. Pennington*, 179 W.Va. 139, 151–52, 365 S.E.2d 803, 815–816 (1987), where we held that when a mistrial is granted on motion of the defendant, unless the defendant was provoked into moving for the mistrial because of prosecutorial or judicial conduct, a retrial may not be barred on the basis of jeopardy principles.[2] Therefore, the only question in this case is whether the prosecutor *intended* to provoke petitioner's motion for a mistrial.

---

1. The fifth amendment to the *U.S. Constitution* provides in pertinent part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, ... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; ..." The fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment. Parallel language is found in *W.Va. Const.*, Art. 3, § 5.

2. The fact that the conduct must be *intended* to cause the motion is subsumed in the word "provoke."

The determination of intent in such a case is a question of fact, and the trial court's finding on this factual issue will not be set aside unless clearly wrong. *Pennington,* 179 W.Va. at 151, 365 S.E.2d at 815, note 15, citing *U.S. v. Wentz,* 800 F.2d 1325 (4th Cir.1986).

■ The trial court in the case before us found that the prosecutor did not intend to mislead petitioner about the date of the offense.

> And I think that if this were a situation where the prosecuting attorney had come in here and ambushed or had planned to do this, I think that would be a perfectly valid motion. But I think that it's complicated by the fact that there is no evidence that the prosecuting attorney strove to do that. The prosecuting attorney just goofed.
>
> And also there's some evidence about the examination of the file which, I'm given to understand, has the date of the 26th in the police report and the fact that in the State's case in chief the investigating officer said the 26th.
>
> Now, I don't think this is a matter where anybody is culpable. I think that it was a mistake, and in a sense, a mutual mistake.

Transcript of 11 May 1988, at 21–22.

We do not find in the record evidence that requires us to disturb the trial court's finding that the prosecutor's misinforming petitioner about the date of the offense was unintentional. The fact that the state provided not one, but two incorrect dates [3] certainly suggests a mistake rather than any intentional act. Although we agree with the trial court that the prosecutor was terribly negligent,[4] such negligence does not equal intent. We also note, as did the trial court, that petitioner's counsel was not totally without fault in failing to spot the error because the correct date, June 26,

was contained in the police report, on the complaint for the arrest warrant, and in the trooper's testimony the first day of trial.

For the foregoing reasons, the writ of prohibition for which petitioner prays is denied.

**WRIT DENIED.**

---

**3.** In addition to the incorrect 27 June date provided several times, the state originally requested an alibi defense for 18 June.

**4.** The prosecutor stated during argument that he did not realize the discrepancy until Saturday, after the first day of trial. We agree with the trial court that the prosecutor exacerbated an already deplorable situation by not bringing the matter before the court at that time. However, the prejudice to petitioner had already taken place by this time, causing him to prepare an alibi for the wrong day. Therefore, the conduct that caused petitioner to request a mistrial was the prosecutor's unintentional mistake, not his intentional failure to bring the matter up on Saturday.