IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 201-02






EX PARTE JAMES MICHAEL PETERSON, Appellee



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


COLLIN COUNTY






 Keasler, J., filed this dissenting opinion in which Hervey, J., joined.


O P I N I O N 



 I have previously made my position on Bauder (1) clear. I still think Bauder is
"ill-conceived, historically unsound, [and] imprecise," (2) and I continue to believe that we should
overrule it. 

 The majority says we need not reach that issue and quotes me as authority for deciding
cases on the narrowest possible ground. (3) I am glad the majority now agrees with me on that
notion, and I look forward to seeing it applied in the future. Reaching out to decide
unnecessary issues is an abysmal practice for appellate courts. But just as bad, if not worse,
is for a court to claim that it is not reaching out and then do so anyway. That is what the
majority does today.

 The Court says it need not address whether Bauder should be overruled. It then
proceeds to analyze the law in this area, "clarify[ing] the three-pronged analysis by which trial
and appellate courts review Bauder claims." (4) But by analyzing Bauder in depth, (5) and by
retaining Bauder in the three-part test, (6) the Court implicitly re-affirms Bauder. The Court
claims that it is not addressing Bauder's validity, but its actions speak louder.

 If the Court's opinion does not actually address whether Bauder should be overruled,
then it should. Its discussion of the law makes clear that Bauder is directly before us. And
Bauder's validity is an important issue which this Court must address. The State continues to
ask us to overrule this terrible case. By refusing to directly address the issue, the Court keeps
litigants and trial courts in limbo. 

 I respectfully dissent. 


DATE DELIVERED: October 8, 2003

PUBLISH


 
1. Bauder v. State, 921 S.W.2d 696 (Tex. Crim. App.1996).
2. State v. Lee, 15 S.W.3d 921, 927 (Tex. Crim. App. 2000) (Keasler, J., dissenting).
3. Ante, slip op. at 2 n.3; Watts v. State, 99 S.W.3d 604, 615 (Tex. Crim. App. 2003)
(Keasler, J., concurring).
4. Ante, slip op. at 2.
5. Id. at 13-21.
6. Id. at 19-20.