NUMBER 13-02-647-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

MICHAEL LADAY ROBINSON,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 212th District Court of Galveston County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
         Following a mistrial, appellant, Michael LaDay Robinson, was convicted of the felony
offense of aggravated sexual assault of a child


 in a second jury trial. He was sentenced
to thirty years imprisonment. In two issues, he contends: (1) his conviction is barred by the
double jeopardy provisions of the Fifth Amendment to the United States Constitution and
article 1, section 14 of the Texas Constitution; and (2) he was denied effective assistance
of counsel when trial counsel failed to raise double jeopardy prior to the commencement
of the trial which ultimately led to his conviction. We affirm.
Background
          Robinson’s first trial for aggravated sexual assault of a child ended in a mistrial after
confusion arose as to the prosecution’s outcry witness early in the trial’s first day of witness
questioning.
          During June of 2000, the eleven year-old child victim involved in the incident
attempted to call her mother from their home phone at the Fountain Lakes Apartments in
Texas City, Texas and discovered the phone did not work. She went with two adult friends,
LaTroy Miles (“LaTroy”) and Antonio Huey (“Antonio”), and her dog, to appellant’s
apartment in the same complex to use the phone, with no success of reaching her mother. 
The three decided to leave and try the phone again later. The victim went to the kitchen
to retrieve the dog, after which LaTroy and Antonio walked out the front door with the dog. 
Appellant closed and locked the front door to the apartment before the victim was able to
exit the apartment. The victim testified that while locked inside, appellant pushed her down
on the couch and engaged in forced sexual intercourse over her objections.
          The victim fled the apartment when appellant went to the bathroom and later
informed LaTroy and Antonio that “he raped me.” She later confided in Carla Z. Belle, a
secretary at her school, in January of 2001, and gave Belle a full account of the incident. 
Belle then notified the mother and the authorities. On March 12, 2001, the victim gave
birth to a child. DNA analysis presented at the second trial estimated that appellant’s
likelihood of paternity was 99.9992 percent. 
          Prior to commencement of appellant’s first trial, the State filed a notice of intent to
use the statement of a child abuse victim, naming Belle as the witness testifying to the
statement of the victim, pursuant to statutory requirements.


 After the fourteen-day
notification deadline had passed, the State informed the defense counsel that the named
outcry witness would not be used as an outcry witness. The State did not name a new
outcry witness at that time.
          During direct examination of the victim, the prosecution asked what she had told Ms.
Belle regarding the incident, to which defense counsel objected on the basis of relevance. 
During the ensuing discussion between the trial judge and counsel, the prosecutor
revealed that he learned from the victim only days before trial that there was an intervening
outcry witness, the mother’s boyfriend at the time of the incident, Arthur Miles (“Miles”). 
The prosecutor explained that the confusion regarding the outcry witness and the lateness
of the discovery was the reason he had “backed off” Belle as his outcry witness. He also
explained that he did not disclose the new potential outcry witness to the defense because
he “did not feel it was exculpatory or mitigating in any shape or form.”
          After asking for a mistrial, defense counsel suggested getting Miles instanter. After
speaking with Miles during a break in the hearing, the prosecutor informed the court and
defense counsel that Miles could testify, and also that Miles recalled having a conversation
with the victim, but did not recall the conversation regarding the incident or the appellant. 
Despite this option, the judge ordered a mistrial and excused the jury. Defense counsel
did not object to the second trial or file a pre-trial application for the writ of habeas corpus.
Applicable Law
          “[The] question of double jeopardy is fundamental and may be raised for the first
time on appeal.” Garner v. State, 858 S.W.2d 656, 658 n. 1 (Tex. App.–Fort Worth 1993,
pet. ref’d). The double jeopardy clauses of the Fifth Amendment of the United States
Constitution and article 1, section 14 of the Texas Constitution “protect a criminal
defendant from repeated prosecutions for the same offense.” Ex Parte Peterson, 117
S.W.3d 804, 819 (Tex. Crim. App. 2003) (citing Oregon v. Kennedy, 456 U.S. 667, 671
(1982)); Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). However, double
jeopardy does not prevent “multiple trials of a single criminal charge if the first trial resulted
in a mistrial that: (1) was justified under the manifest necessity doctrine; or (2) was
requested or consented to by the defense, absent prosecutorial misconduct which forced
the mistrial.” Peterson, 117 S.W.3d at 810-11.
          Under the federal standard for determining whether prosecutorial misconduct forced
the mistrial, the key inquiry is whether the misconduct was intended to goad the defendant
into requesting the mistrial. Id. (citing Kennedy, 456 U.S. at 676). Under the Texas
standard, “a prosecutor must at least be aware that his manifestly improper misconduct is
likely to result in a mistrial, but he nonetheless consciously ignores that likelihood and
commits the misconduct.” Id. at 816. Under both standards, the prosecutor’s mental state,
or mens rea, is pivotal to a reviewing court determining whether there is a double jeopardy
bar. Id.
          The Texas Court of Criminal Appeals recently attempted to clarify the double
jeopardy standard following a mistrial requested by the defendant by setting forth a three-part analysis:
          1) did manifestly improper prosecutorial conduct provoke the mistrial?;



 
2) was the mistrial required because the prejudice produced from that misconduct
could not be cured by an instruction to disregard?;


 and 
 
3) did the prosecutor engage in that conduct with the intent to goad the defendant
into requesting a mistrial . . . or with conscious disregard for a substantial risk that
the trial court would be required to declare a mistrial.

Id.
          The prosecutor’s incurably prejudicial misconduct must be caused by more than
inadvertence, sloppiness, or even simple negligence to bar retrial based on double
jeopardy. Id. at 817. The misconduct must be intentional or reckless, and the reviewing
court must take into account the appropriate substantive law. See State v. Lee, 15 S.W.3d
921, 924 (Tex. Crim. App. 2000). If the prosecutor has a legitimate view of the law or facts,
even if the view is ultimately incorrect, his actions cannot be considered intentional or
reckless misconduct. Id. at 924-25.
          In determining the prosecutor’s mens rea, the court “should focus primarily upon the
objective facts and circumstances surrounding the events which led to the mistrial in
deciding whether the prosecutor’s alleged misconduct was both manifestly improper and
committed with the requisite intent or recklessness.” Peterson, 117 S.W.3d at 818. The
court of criminal appeals suggests that the courts might consider the following facts and
circumstances in assessing a prosecutor’s mens rea:
1) Was the misconduct a reaction to abort the trial that was “going badly for the
State,” or, at the time the prosecutor acted, did it reasonably appear that the
defendant would likely obtain an acquittal?
 
2) Was the misconduct repeated despite admonitions from the court?
 
3) Did the prosecutor provide a reasonable, “good faith” explanation for the
conduct?
 
4) Was the conduct “clearly erroneous”?
 
5) Was there a legally or factually plausible basis for the conduct, despite its
ultimate impropriety?
 
6) Were the prosecutor’s actions leading up to the mistrial consistent with
inadvertence, lack of judgment, or negligence, or were they consistent with
intentional or reckless misconduct?

Id. at 818-19.
          Therefore, we conclude that in order to assess whether appellant’s second trial was
barred by jeopardy, we must first look at whether the mistrial was granted due to
prosecutorial misconduct.
          Appellant argues that the prosecutor’s failure to provide notice to the defense of a
possible outcry witness was intentional or reckless conduct which caused the first trial to
end in a mistrial, thereby violating appellant’s rights under the Texas and United States
Constitutions. The State responds that the prosecutor’s conduct was not manifestly
improper and that the trial court was not required to grant the mistrial because the use of
an outcry witness was essentially abandoned by the prosecution, and the new witness was
available instanter and may have been beneficial to the appellant’s case.
          The record demonstrates that the prosecutor had no intention of calling Miles to
testify or of using him as an outcry witness, and that he had a “good faith” basis to believe
that Miles had no exculpatory evidence to offer in the case. The prosecutor also provided
notice before trial that he would not be utilizing his named outcry witness, Carla Belle. 
Such notice, in essence, placed appellant’s trial counsel on notice that the prosecution was
abandoning the use of any outcry witness testimony. The record also reflects that the
prosecutor did not intentionally flout any known rules or laws during his examination of the
victim or during the following discussion with the court and opposing counsel. At worst, the
prosecutor used poor judgment by failing to notify appellant’s trial counsel of a possible
new witness, and by choosing to abandon his outcry witness because of the newly-acquired information. Based on the circumstances and evidence in this case, we conclude
that appellant’s burden has not been met under Peterson because he has failed to show
that the prosecutor’s conduct was “manifestly improper.” See id. at 816-17. We, therefore,
overrule appellant’s first point of error and hold that double jeopardy did not bar retrial of
appellant’s case.



          In his second point of error, appellant contends that he received ineffective
assistance of counsel because his trial counsel did not raise double jeopardy objections
prior to the commencement of his second trial. We disagree.
          Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel’s performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel’s deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.
          The determination regarding whether defendant received effective assistance of
counsel must be made according to the facts of each case. Id. at 813. An appellate court
looks to the totality of the representation and the particular circumstances of the case in
evaluating counsel’s effectiveness. Id.
          The appellant bears the burden of proof by a preponderance of the evidence that
counsel was ineffective. Id. There is a strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance. Id. To defeat the
presumption of reasonable professional assistance, “any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” Id.; see also McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).
          Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel’s representation fell below an objective standard of
reasonableness and that the deficient performance prejudiced his defense. The record
does not reflect counsel’s reasons for not raising double jeopardy prior to the
commencement of the second trial. However, “the question of double jeopardy is
fundamental and may be raised for the first time on appeal.” Garner, 858 S.W.2d at 658. 
Therefore, no objection is necessary to preserve the issue for appeal, and the appellant
suffered no prejudice from his counsel’s failure to object. More importantly, as we
previously stated, jeopardy did not attach in this case because the appellant requested the
mistrial of his own free choice, and not because of any prosecutorial misconduct, which
removed all bars to reprosecution. See Peterson, 117 S.W.3d at 816 n. 55. As such,
appellant’s counsel had no valid objection to make prior to commencement of the second
trial. Appellant’s second point of error is overruled.
          The JUDGMENT of the trial court is AFFIRMED.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
1st day of July, 2004.