IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. PD-1216-04






Ex parte KRISTIN HOPE WHEELER, Applicant







ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keasler, J., filed this concurring opinion joined by Keller, P.J., and Hervey, J.


C O N C U R R I N G O P I N I O N 


 

 Once again the majority has refused to address whether Bauder (1) and its progeny
should be overruled even though the issue is before us. The State's fifth ground for review
provides: "Should this Court re-adopt the standard of review articulated in Oregon v.
Kennedy?" (2) The majority concludes that "[b]ecause the resolution of this third prong [of the
three-part Peterson (3) test] does not depend upon any distinction between the federal
(Kennedy) and state (Bauder) constitutional standards, we do not address the State's fifth
ground which asks this Court to re-adopt the single standard articulated in Kennedy." (4) The
third part of the Peterson test asks: "Did the prosecutor engage in that conduct with the intent
to goad the defendant into requesting a mistrial (Kennedy standard) or with conscious
disregard for a substantial risk that the trial court would be required to declare a mistrial
(Bauder standard)?" (5) Because the third part of the test includes the application of the Bauder
standard, the resolution of the third part of the Peterson test does depend on the distinction
between the federal and state constitutional standards. This is clear from the majority's
conclusion that "We cannot say that the trial judge abused her discretion in finding that
neither Kennedy nor Peterson would bar the defendant's retrial." (6) Perhaps the majority
means to say that because the outcome is the same regardless of which standard, state or
federal, is applied, there is no need to address the State's fifth ground for review. That
rationale, however, provides a weak excuse for the Court's decision to adhere to the
Bauder/Peterson standard. So while I concur in the result reached by the majority, as I have
previously maintained in my concurring opinion in Lee v. State, (7) and in my dissent Ex parte
Peterson, (8) Bauder and its progeny should be overruled--we should "return to the standard
forth by the Supreme Court . . . in Oregon v. Kennedy[,]" (9) and followed by almost all other
jurisdictions. (10) 


DATE DELIVERED: October 4, 2006.

PUBLISH

 
1. 921 S.W.2d 696 (Tex. Crim. App. 1996).
2. 456 U.S. 667 (1982).
3. 117 S.W.3d 804, 817 (Tex. Crim. App. 2003). 
4. Ante, slip op. at 13 n.28.
5. 117 S.W.3d at 817. 
6. Ante, slip op. at 23.
7. 15 S.W.3d 921, 931 (Tex. Crim. App. 2000).
8. 117 S.W.3d at 820-21 (Tex. Crim. App. 2003) (Keasler, J., dissenting); see also
id. at 821-31 (Hervey, J., dissenting, joined by Keller, PJ., and Keasler, J.). 
9. Lee, 15 S.W.3d 930-31 (Keasler, J., concurring). 
10. Id. at 929-30 (Keasler, J., concurring).