STATE of Wisconsin, Plaintiff-Respondent,

v.

Rovaughn HILL, Defendant-Appellant.†

Court of Appeals

*No. 00–0256–CR. Submitted on briefs July 20, 2000.—Decided October 26, 2000.*

2000 WI App 259

(Also reported in 622 N.W.2d 34.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Gerald P. Boyle* and *Jonathan C. Smith* of *Boyle, Boyle & Smith, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. VERGERONT, J.   Rovaughn Hill appeals the trial court's order denying his motion to dismiss the criminal complaint on double jeopardy grounds.[1] Hill contends the double jeopardy clause forbids reprosecution after the court declared a mistrial, because, although Hill requested the mistrial, his request was induced by the prosecutor's overreaching. We conclude the trial court's finding that the prosecutor did not intend to provoke a request for a mistrial is not clearly erroneous, and we therefore affirm.

## BACKGROUND

¶ 2.   The criminal complaint alleged that Hill and two codefendants entered the dormitory room of a female student, confined her there against her will, and engaged her in six sexual acts without her consent. Based on those six sexual acts, each of the three men were charged with the same seven offenses, all as party

---

[1] Hill petitioned for leave to appeal this interlocutory order pursuant to WIS. STAT. § 808.03(2) (1997–98). By order dated February 4, 2000, we stayed proceedings in the trial court pending our disposition of the appeal. In that same order we mistakenly stated we had already granted leave to appeal. We now grant the petition for leave to appeal the interlocutory order.

3

to the crime under WIS. STAT. § 939.05 (1997–98)[2] : five counts of first-degree sexual assault for being aided and abetted by one or more other persons and having nonconsensual sexual contact or intercourse with another person by use or threat of force or violence, contrary to WIS. STAT. § 940.225(1)(c); one count of second-degree sexual assault for being aided and abetted by one or more other persons and having nonconsensual sexual contact or sexual intercourse with another person contrary to § 940.225(2)(f); and one count of false imprisonment contrary to WIS. STAT. § 940.30. The information charged each of the three codefendants with each of these same seven crimes.

¶ 3.   The three codefendants were tried together. After the State rested, Hill moved for dismissal of all seven charges. He argued that the State had failed to show use or threat of force and lack of consent on the sexual assault charges, and lack of confinement on the false imprisonment charge. The two codefendants joined in the motion. The trial court engaged the prosecutor in a lengthy colloquy directed at whether the State had established a prima facie case, with the court expressing a concern on the sufficiency of evidence regarding which defendant had engaged in particular acts. Then, because the trial court wanted to give the motion further consideration, it gave each defendant the option of going forward with his defense that day, while the court took the motion under advisement, or waiting for the decision on the motion before going ahead with his defense. The defendants advised the court they did not plan on presenting evidence and formally rested their case before the jury. The court

_____

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

adjourned proceedings for the day and took the motion under advisement.

¶ 4.  When court convened the next morning, the prosecutor requested permission to file an amended information that reduced the five counts of first-degree sexual assault, party to a crime, to five counts of second-degree sexual assault, party to a crime, and reduced the second-degree sexual assault charge, party to a crime, to fourth-degree sexual assault, party to a crime.[3] The prosecutor explained that, in preparing the jury instructions for the State, which had not yet been filed, it appeared to him it was difficult to draft them in such a way that the jurors could understand the difference between the aiding and abetting that is an element of party to the crime under WIS. STAT. § 939.05,[4] and the aiding and abetting that is an element of WIS. STAT. §  940.225(1)(c) and (2)(f). The effect of the amendment, in the prosecutor's view, was to remove the "being aided and abetted by others" element from each of the first six counts. This, the prosecutor stated, was the equivalent of asking for an

---

[3] Fourth-degree sexual assault occurs when a person has sexual contact with another without that person's consent. *See* WIS. STAT. § 940.225(3m).

[4] WISCONSIN STAT. § 939.05 provides in part:

> Parties to crime. (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.
>
> (2)  A person is concerned in the commission of the crime if the person:
>
> (a)  Directly commits the crime; or
>
> (b)  Intentionally aids and abets the commission of it; or
>
> (c)  Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it.

instruction on the lesser included offense, except the greater offense was being removed entirely from the jury's consideration.

¶ 5.    Hill objected to an amendment of the information after the close of evidence, and the codefendants joined in. Hill also argued that second-degree sexual assault is not a lesser included offense of the first-degree count charged in the original complaint, nor is fourth-degree sexual assault a lesser included offense of the second-degree count charged in the original complaint. He contended WIS. STAT. § 940.225(1)(c) and (2)(f) both require proof that the person charged is a principal who is aided and abetted by another, and if there is a failure of proof on that element it cannot be overcome by reducing the charge and relying on the "aiding and betting" option under the party to the crime statute, WIS. STAT. § 939.05. Hill and his codefendants then asked the court that, if it decided to allow the amendment to the information, it dismiss the amended information based on insufficient evidence. In the alternative, they requested a mistrial in order to give them an opportunity to prepare a defense to the amended information.

¶ 6.    In reply, and in response to questioning from the court, the prosecutor argued that the aiding and abetting element in WIS. STAT. § 940.225(1)(c) and (2)(f) is essentially the same as that in the party to the crime statute, and the State need not prove who the principal was under either of these subsections.

¶ 7.    The trial court granted the motion to amend the information, reasoning that under the case law there is generally no prejudice from allowing an amendment to a lesser included offense. The court denied the motion to dismiss the amended information on the ground of insufficient evidence but did dismiss

the sixth and seventh counts on the ground of duplicitousness. The court then concluded due process and general fairness required that the defendants have the opportunity to present evidence, if they wished, to the amended charges, and it gave them the option of going forward with other evidence that day or the next day. Hill and the two codefendants asked for a mistrial. The prosecutor opposed the mistrial, contending that even without the amended information, he could have argued both the greater and lesser included offenses, and the defendants should have known that. Therefore, the prosecutor asserted, the defendants were not prejudiced by the amended information: nothing new was added, and in fact, the first-degree charges were entirely eliminated.

¶ 8.  The trial court concluded a mistrial was necessary. It accepted the position of the defendants that they needed time to assess whether to present evidence and, if so, to prepare it. The court decided it was not possible, given the court's calendar, both to allow a sufficient adjournment and to reconvene with the same jury. After the court made this ruling, the prosecutor asked that the original information be reinstated and the trial go forward as if no amended information had been permitted. The trial court denied this request, concluding the proceedings on the amended information had been extensive, and that reinstating the original information also raised a jeopardy question.

¶ 9.  After Hill and his two codefendants were arraigned on the amended information and pleaded not guilty, Hill moved to dismiss the charges in the amended information on the ground that the prosecutor's overreaching had necessitated his request for a mistrial and, therefore, the State was barred from retrying him under the state and federal constitutional

prohibitions against double jeopardy. Hill contended the record demonstrated the prosecutor wanted to retry the case because the trial was going badly for the State, and, therefore, the prosecutor intentionally created a situation in which Hill would ask for a mistrial and intentionally prejudiced Hill's right to complete the first trial. The court denied the motion. The court determined that the case was a complex one prosecuted by a recent law school graduate who failed to sufficiently understand the jury instructions, but, the court found, he did not intentionally cause Hill to request a mistrial. Therefore, the court concluded, the State was not barred from retrying Hill.

## DISCUSSION

¶ 10.    The Fifth Amendment to the United States Constitution protects against subjecting any person "for the same offense to be twice put in jeopardy." The Wisconsin Constitution provides the same protection in article I, section 8. *See State v. Lettice*, 221 Wis. 2d 69, 79, 585 N.W.2d 171 (Ct. App. 1998). The clause protects a defendant's right to have his or her trial completed by a particular tribunal. *See id.* It also protects a defendant from repeated attempts by the State, with all its resources and power, to convict an individual for an alleged offense, thereby subjecting him or her to embarrassment, expense, anxiety, and continuing insecurity. *See id.*

¶ 11.    However, when a defendant successfully requests a mistrial, the general rule is that the double jeopardy clause does not bar a retrial, because the defendant is exercising control over the mistrial decision: since a mistrial ordinarily implicitly means a new trial, the defendant is choosing to be tried by another

tribunal. *See State v. Copening*, 100 Wis. 2d 700, 709, 303 N.W.2d 821 (1981). The exception to this general rule, which Hill invokes, is that retrial is barred when a defendant moves for and obtains a mistrial due to prosecutorial overreaching. *See id.* at 714. To constitute "overreaching," the prosecutor's action must:

> (1) . . . be intentional in the sense of a culpable state of mind in the nature of an awareness that his activity would be prejudicial to the defendant; *and* (2) . . . [be] designed either to create another chance to convict, that is, to provoke a mistrial in order to get another "kick at the cat" because the first trial is going badly, or to prejudice the defendant's rights to successfully complete the criminal confrontation at the first trial, i.e., to harass him by successive prosecutions.

*Id.* at 714–15 (emphasis added).

¶ 12.    More succinctly put, doubly jeopardy bars a retrial when the defendant has successfully moved for a mistrial, if the prosecutor acted with intent to gain another chance to convict or to harass the defendant with multiple prosecutions. *See State v. Quinn*, 169 Wis. 2d 620, 625, 486 N.W.2d 542 (Ct. App. 1992). Determination of the prosecutor's intent involves a factual finding, which will not be reversed on appeal unless it is clearly erroneous. *See id.* at 626.

¶ 13.    Hill contends on appeal that the trial court erred in determining the prosecutor's conduct did not constitute overreaching. He asserts the record shows the prosecutor intentionally provoked a mistrial because the State's case was going badly. The premise of Hill's argument that the State's case was going badly is that the fourth element of first-degree sexual assault under WIS. STAT. § 940.225(1)(c)—the defendant was

aided and abetted by one or more persons and had sexual contact or sexual intercourse with the victim without consent—requires the State to prove the particular principal actor who was aided and abetted by one or more other persons. According to Hill, the victim was unable to identify which of the three defendants committed various acts, and she could not tell whether the three acts of intercourse were by different people. As an indication the court agreed with Hill's view of the proof that was required and the inadequacy of the evidence the State had presented, Hill points to: the court's comments on the second day of trial on the prosecutor's failure to turn in proposed jury instructions the preceding day,[5] and the court's extensive questioning of the prosecutor in the hearing on the motion to dismiss at the close of the State's case.

¶ 14.  Hill's analysis of the record continues in this way. When the court adjourned proceedings after the hearing on the motion to dismiss at the close of the State's case and took the motion under advisement, the prosecutor had not yet submitted any proposed instructions. The prosecutor was aware that the court was critical of the State's case, that the defense would not be putting on evidence, and that the defense would be making a motion to dismiss at the close of the case. Fearing an acquittal, the prosecutor decided to amend the information by reducing the charges, with the intent of inducing Hill to ask for a mistrial. Hill would be induced to do so, the prosecutor anticipated, because Hill had rested his case after defending different ele-

---

[5] In the context of asking the prosecutor when the court would have the overdue instructions, the court stated to him:

This is your lawsuit. . . . The instructions are not easy, I've looked at them. It's not clear form the complaint what's needed in those instructions, and they were due yesterday.

ments of proof than those in the amended information. The prosecutor knew Hill would not want to submit the charges in the amended information to the jury without putting on more evidence, and he knew Hill would not want to reopen the evidence because the jury would view that as indicating a weakness in the defendant's case.

¶ 15.   The State, in response, disputes Hill's premise that the State must prove the identity of a particular principal as the fourth element of first-degree sexual assault charges under WIS. STAT. § 940.225(1)(c). The State contends it is necessary only that the State prove a particular defendant was either the principal actor or an aider and abettor of the particular charged act of sexual intercourse or contact. Therefore, according to the State, the court erred in granting a mistrial because the prosecutor correctly argued the amended information did not change the State's burden of proof: the State's theory throughout trial had been that all three codefendants participated in each charged act of sexual intercourse and sexual contact, either as a principal or as an aider and abettor. As an indication of the court's error in accepting Hill's position on the effect of the amended information, the State points to the court's reasoning for allowing the amendment—that generally there is no prejudice in allowing an amendment to a lesser included offense. Although the State recognizes it is unable to appeal from the mistrial ruling, it develops this argument to show that, since the amended information did not change the requirements of the State's proof, and, in fact, benefited the defendants by eliminating the first-degree charges, it could not have prejudiced Hill's trial strategy. The State also contends that the correctness of the prosecutor's view of the amended information

shows his intent was, as he stated, to avoid the necessity of instructing the jury on the relation between the party to the crime liability under WIS. STAT. § 939.05 and the "aiding and abetting" requirement of § 940.225(1)(c) and (2)(f).

¶ 16.   In addition to the correctness of the prosecutor's analysis of the effect of the amendment, the State points to these additional factors as supporting the trial court's finding that the prosecutor did not intend to provoke a mistrial: the prosecutor opposed the motion for a mistrial, and, after the court granted the mistrial, the prosecutor asked permission to reinstate the original information in order to avoid a mistrial.

¶ 17.   We find it unnecessary to decide which party is correct on the question whether the first five counts in the amended complaint were lesser included offenses of the first five counts in the original complaint. If the prosecutor were correct, that would undoubtedly support a determination that he did not move to amend the information in order to provoke the defense to request a mistrial. However, if the prosecutor were incorrect, that does not necessarily support a determination that he intended to provoke a mistrial. *See Copening*, 100 Wis. 2d at 713–714 (prosecutor's persistently advancing an erroneous view in spite of trial court admonition is not sufficient to establish an intent to provoke a mistrial); *see also Quinn*, 169 Wis. 2d at 626–627 (prosecutor's misunderstanding of limits of cross-examination tends to negate an intent to provoke a mistrial through questioning). In this case, the prosecutor gave a detailed explanation for the amended information, responding to the trial court's questions and the defense counsel's objections. The trial court was in the best position to judge whether his

theory—correct or not—was a pretext for an underlying purpose of inducing the defense to request a mistrial, as Hill contends, or was his sincere view of the law. The trial court found it was the latter, and nothing in the record suggests this finding was clearly erroneous.

¶ 18.   Moreover, the prosecutor's strenuous argument against the motion for a mistrial is an indication he did not intend to provoke the defendant to request one. *See Quinn,* 169 Wis. 2d at 626 ("had a mistrial been a goal of the prosecutor, we suspect he would not have so adamantly opposed the motion and defended his questioning"). The same is true of his proposal to withdraw the amended information and reinstate the original information to avoid a mistrial. *See id.* (prosecutor's suggestion that court give curative instruction rather than grant mistrial supports finding that prosecutor did not intend to provoke mistrial).

¶ 19.   We are not persuaded otherwise by Hill's argument that the trial was going badly because the State was not able to prove which defendant committed which act, and the prosecutor anticipated an adverse ruling on the defendants' motion to dismiss. While a record that shows the State's case is going well, or that the prosecutor believes the State's case is going well, may support a finding that the prosecutor did not intend to provoke a mistrial, *see id.,* the converse is not necessarily true. Assuming without deciding the prosecutor did perceive problems in proving the original charges or in prevailing on the motion to dismiss, the question remains whether the prosecutor's request to amend the information was intended to provoke a motion for a mistrial or was a sincere effort to remedy the problems he perceived—whether or not he had a

13

correct understanding of the law and of how to try a case. As we have already stated, the trial court's finding that the prosecutor did not intend to provoke a mistrial is supported by the record.

*By the Court.*—Order affirmed.