STATE OF WISCONSIN, Plaintiff-Respondent,
v.
PAUL D. SHEGONEE, Defendant-Appellant.
No. 03-2132-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 27, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 CANE, C.J.
Paul Shegonee appeals a nonfinal order[1] concluding the State did not intentionally subvert Shegonee's protection against double jeopardy. He argues this conclusion was error and also contends the trial court violated his due process rights by refusing to allow him to call witnesses at the motion hearing. We affirm the order.

BACKGROUND
¶2 The State charged Shegonee with arson, burglary and theft. The case was initially tried before a jury on January 14, 2002. At this trial, Ellie Lautzenheiser was one of the bailiffs. The next day, Shegonee entered guilty pleas to the arson charge and one count of animal cruelty. On September 18, Shegonee withdrew his guilty pleas, and a new trial was held on July 29, 2003. Because there was a shortage of jurors, the clerk of court solicited prospective jurors. See WIS. STAT. § 756.07 (allowing juror conscription). Eventually, Lautzenheiser was impaneled.
¶3 During a recess at some point in the retrial, the prosecutor apparently spoke to the court reporter regarding her assessment of the trial. The court reporter informed the prosecutor that Lautzenheiser was the bailiff in the prior trial. The prosecutor did not disclose this fact to the court. Rather, the prosecutor allegedly stated to the court reporter something to the effect that, "we never had that conversation."
¶4 While the jury deliberated, Shegonee learned of Lautzenheiser's connection to the first trial and brought it to the court's attention. After it was confirmed that Lautzenheiser was the bailiff during parts of the previous trial, the prosecutor stated he did not want to retry the case and suggested the eleven remaining jurors deliberate. After rejecting the prosecutor's suggestion, Shegonee moved for a mistrial, and the trial court granted his motion and dismissed the jury.
¶5 Shegonee then filed another motion to dismiss, this time to bar retrial on double jeopardy grounds. The trial court acknowledged prosecutorial error may have occurred, but nonetheless concluded the prosecutor did not intentionally subvert Shegonee's double jeopardy protections. Shegonee appeals from this order.

DISCUSSION
¶6 The Double Jeopardy Clause of the Fifth Amendment protects a defendant from repeated prosecution of the same offense. State v. Lettice, 221 Wis. 2d 69, 79, 585 N.W.2d 171 (Ct. App. 1998). "When the first trial is terminated upon the defendant's own motion, however, the general rule is that retrial is not barred." Id. at 80. The rule is not without exception. Retrial may be barred if "a prosecutor's actions giving rise to the motion for mistrial were done `in order to goad the [defendant] into requesting a mistrial.'" Id. at 81 (citations omitted). The conduct giving rise to the motion for mistrial must have been intended to provoke the defendant into moving for a mistrial, for purposes of either gaining another chance to convict or harassing the defendant with multiple prosecutions. State v. Hill, 2000 WI App 259, ¶12, 240 Wis. 2d 1, 622 N.W.2d 34; Lettice, 221 Wis. 2d at 82. In other words, the prosecutor must have the intent to subvert a defendant's double jeopardy protections. Oregon v. Kennedy, 456 U.S. 667, 675-76 (1982).
¶7 Shegonee first argues the Double Jeopardy Clause bars a retrial in this matter because the prosecutor acted with the intent to subvert Shegonee's double jeopardy protection. "Whether a prosecutor intended to provoke a mistrial in order to gain another chance to convict or harass the accused is a question of fact." Lettice, 221 Wis. 2d at 77. A trial court's findings of fact will not be overturned unless they are clearly erroneous. WIS. STAT. § 805.17(2) (2001-02); Lettice, 221 Wis. 2d at 77. "When more then one inference can be drawn from the evidence, the reviewing court must accept the inference drawn by the finder of fact." Rumage v. Gullberg, 2000 WI 53, ¶43, 235 Wis. 2d 279, 611 N.W.2d 458.
¶8 The trial court's finding that the prosecutor did not goad the defendant into moving for a mistrial is not clearly erroneous. There simply was no evidence indicating the prosecutor intended to subvert Shegonee's double jeopardy protections. Shegonee argues it is inconceivable that the prosecutor did not know Lautzenheiser was the bailiff in the earlier case. Even if this is true, two points are evident: first, if the prosecutor knew he was putting what Shegonee calls a "ringer juror" on the jury, this misconduct certainly could be viewed as prosecutorial overreaching. However, "[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion ... does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." Kennedy, 456 U.S. at 675-76. Second, as the trial court implicitly found, given the stage of the proceeding, it is unreasonable to infer that the prosecutor intended to provoke Shegonee into declaring a mistrial at some time during the trial or sought to harass him with multiple prosecutions.
¶9 Shegonee also focuses on the prosecutor's attempt to conceal the information concerning Lautzenheiser. But the prosecutor's failure to disclose that information, and his attempt to cover it up, is evidence of unscrupulous tactics to wina goal that, in this case, is inimical to intentionally subverting Shegonee's double jeopardy rights. Again, when the trial court learned about Lautzenheiser's connection to the first case, the prosecutor not only indicated he did not want to retry the case, he even suggested the jury deliberate with the eleven remaining members. Evidently, the prosecutor was solely interested in proceeding with the trial. Consequently, the trial court's finding that the prosecutor did not intentionally subvert Shegonee's double jeopardy rights is not clearly erroneous.
¶10 Shegonee also complains, without citation to any authority, that the circuit court denied him due process by refusing to allow him to call witnesses at the motion hearing. Instead, Shegonee notes the trial court only listened to his offer of proof that detailed the evidence Shegonee intended to adduce. However, the court gave Shegonee the benefit of the doubt and assumed all his evidence was true, but it still found the prosecutor did not intentionally subvert Shegonee's double jeopardy rights. On appeal, Shegonee does not indicate how the trial court's actions were either unfair or caused him prejudice, nor does he establish how witnesses would offer any additional evidence not already considered by the trial court. Therefore, we reject this argument.
By the Court.  Order affirmed.
NOTES
[1] Shegonee petitions this court for leave to appeal a nonfinal order; we grant that petition.