COURT OF APPEALS
DECISION
DATED AND FILED

**August 6, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**    **2019AP642-CR**
                   **2019AP643-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos.  **2014CM2895**
               **2016CM4072**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

　　　　PLAINTIFF-RESPONDENT,

　　V.

DARIUS KAVONTA SMITH,

　　　　DEFENDANT-APPELLANT.

　　　　APPEALS from orders of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge.  *Affirmed*.

　　　　¶1　　BRASH, P.J.[1]　Darius Kavonta Smith appeals from nonfinal orders of the trial court denying his motion to bar a retrial of the charges against him on

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the ground that it would violate double jeopardy.[2] A trial on those charges—disorderly conduct as an act of domestic abuse and misdemeanor bail jumping—was held in August 2018.[3] It resulted in a mistrial after the court determined that statements made by the State during closing arguments were improper and prejudicial to Smith: the State commented on witnesses that had not been called by Smith, which could have been construed by the jury as shifting the burden of proof to Smith; the State also made reference to the fact that Smith's counsel was a public defender, which could have had a prejudicial effect on Smith if the jury had a negative view of public representation.

¶2    In his motion to bar a retrial, Smith argued that a retrial would violate double jeopardy because the State's comments amounted to prosecutorial overreach; thus, retrial is prohibited. The trial court disagreed, finding that the comments by the State were not made to intentionally prejudice the proceedings and cause a mistrial. It therefore denied Smith's motion. We affirm.

## BACKGROUND

¶3    The charges against Smith stem from incidents that occurred in 2014. In July 2014, Smith went to the home of S.R., with whom he shares a child. When S.R. would not let Smith inside, Smith began breaking windows in the

---

[2] We grant Smith's petition for leave to appeal the trial court's nonfinal orders on double jeopardy grounds in accordance with *State v. Jenich*, 94 Wis. 2d 74, 80-82, 288 N.W.2d 114 (1980). We point out to the State that our order dated April 8, 2019, directed the parties to prepare briefs addressing the merits of the double jeopardy issue, pursuant to the holding in *Jenich*, as opposed to focusing primarily on the standards for petitions for leave to appeal.

[3] These matters were handled together by the trial court, and this court's review of the records and briefs indicates that consolidation on appeal is appropriate. *See* WIS. STAT. RULE 809.10(3).

home. S.R.'s sister, S.B., was also in the house at that time and described the incident to police.

¶4 Smith was arrested and charged with disorderly conduct as an act of domestic abuse. While out on bail for this charge, Smith failed to appear for a scheduled court date in November 2014, as required by the terms of his bond. He was then also charged with misdemeanor bail jumping.

¶5 The matters proceeded to trial in August 2018. The State's case relied on testimony from the police officers who responded to the S.R.'s home on the day of the incident, and the police dispatcher who received the 911 call from S.R. The State also provided a recording of the 911 call. Additionally, the State submitted as an exhibit the bail/bond agreement—signed by Smith—which included a condition that Smith must appear for all court dates. Smith testified in his defense, stating that another person, "Cash Moore," broke the windows at S.R.'s home.

¶6 During closing arguments, counsel for Smith noted that the State had not called as witnesses the people who were at the house on the day of the incident, such as S.R., S.B., and others who were allegedly present. To emphasize this point, counsel lined up empty chairs, telling the jury that they were "all bricks of reasonable doubt" because it is the State's burden to produce witnesses to prove a defendant's guilt.

¶7 In its rebuttal, the State responded as follows:

> But I do love this. I do love these little—you do enough of these and you notice a lot of public defenders do this. They try to bring up these empty seats saying these are your witnesses. You know who could also fit in that chair? Cash Moore. Two alleged arm robbers that don't actually exist—

¶8     Smith's counsel objected, arguing that the State's comments amounted to burden-shifting to the defense. Counsel also asserted that the State's referring to her as a public defender was improper, noting that the prosecutor's "tone was very sarcastic," that it was "belittling," and that due to the "stigma associated with public defenders and … the people who are represented by them," she was concerned that "the jury may be viewing Mr. Smith differently knowing that he has public representation." Smith's counsel then moved for a mistrial.

¶9     The trial court granted the mistrial over the strenuous objection of the State. The court found that the State's comments were "improper" in that they inferred that the burden of proof was on the defense. The court further found that the comments were prejudicial because they could affect the outcome of the trial. The case was then scheduled for another trial.

¶10     Smith moved to prohibit retrial on double jeopardy grounds due to prosecutorial overreach. Smith argued that it was "the prosecutor's actions that gave rise to the motion for a mistrial," citing *State v. Copening*, 100 Wis. 2d 700, 303 N.W.2d 821 (1981). In *Copening*, our supreme court held that to prove prosecutorial overreach, it must be shown that the State intentionally tried to prejudice the defendant to provoke a mistrial. *See id.* at 714. In particular, Smith pointed out that after the mistrial was declared, the State had subsequently done additional investigation into this matter by attempting to secure a witness to rebut Smith's testimony. Smith contended that this suggested intentional provocation on the part of the State because it had failed to adequately investigate the case prior to trial. Therefore, Smith asserted that the elements of the *Copening* test had been met.

¶11 The trial court disagreed. At a hearing on the motion in December 2018, the court noted that the prosecutor was "an extremely inexperienced attorney" and, as such, it was "more likely that he was simply acting out of lack of experience" rather than "intending to make statements that would cause a mistrial[.]" The court also rejected Smith's argument that the State's additional investigation after the mistrial indicated that the prosecutor's conduct at trial was intentional. The court noted that Smith had provided no legal support for this premise, and accepted the State's explanation that such further investigation is a duty of officers of the court. It therefore found that the information was irrelevant as to the prosecutor's state of mind at the time the mistrial was granted. Furthermore, the court recognized that the decision to request a mistrial was a strategic one on the part of the defense: if it felt the State's case was weak, it could have instead requested a curative jury instruction with regard to the prosecutor's comments during rebuttal.

¶12 Thus, the court denied Smith's motion. This appeal follows.

## DISCUSSION

¶13 The Fifth Amendment to the United States Constitution, as well as article I, section 8 of the Wisconsin Constitution, prohibits "subjecting any person 'for the same offense to be twice put in jeopardy.'" *State v. Hill*, 2000 WI App 259, ¶10, 240 Wis. 2d 1, 622 N.W.2d 34. The double jeopardy clause also "protects a defendant from repeated attempts by the State to convict the defendant for an alleged offense." *State v. Jaimes*, 2006 WI App 93, ¶7, 292 Wis. 2d 656, 715 N.W.2d 669. The issue of whether double jeopardy protections have been violated is a question of law that we review *de novo*. *See State v. Steinhardt*, 2017 WI 62, ¶11, 375 Wis. 2d 712, 896 N.W.2d 700.

¶14    Retrial of a case where a mistrial is granted upon request of the defendant is generally not barred by double jeopardy "because the defendant is exercising control over the mistrial decision: since a mistrial ordinarily implicitly means a new trial, the defendant is choosing to be tried by another tribunal." *Hill*, 240 Wis. 2d 1, ¶11. An exception to this rule, however, is "when a defendant moves for and obtains a mistrial due to prosecutorial overreaching." *Id.* In that case, retrial is barred. *Id.*

¶15    Our supreme court in *Copening* adopted a two-prong test for establishing prosecutorial overreach:

> (1) The prosecutor's action must be intentional in the sense of a culpable state of mind in the nature of an awareness that his activity would be prejudicial to the defendant; and (2) the prosecutor's action was designed either to create another chance to convict, that is, to provoke a mistrial in order to get another "kick at the cat" because the first trial is going badly, or to prejudice the defendant's rights to successfully complete the criminal confrontation at the first trial, i.e., to harass him by successive prosecutions.

*Id.*, 100 Wis. 2d at 714-15. This is a factual determination by the trial court that will not be overturned unless it is clearly erroneous. *Hill*, 240 Wis. 2d 1, ¶12.

¶16    At the hearing on Smith's motion to bar retrial, the trial court noted that with regard to the first element of the *Copening* test—whether the prosecution's actions were intentional—it was a "close question." The court observed that when it granted Smith's motion for a mistrial, it used the phrase "should have known": the prosecutor should have known that his references to potential defense witnesses were improper in that they inferred that the burden of proof was on the defense; and he should have known that his description of certain "tactics" employed by the public defender's office—and the tone of voice he used in describing them—could prejudice the defense.

¶17  Nevertheless, the trial court acknowledged that the ***Copening*** test requires that the prosecution's acts were "intentional in the sense of a culpable state of mind[.]"  *See **id.***, 100 Wis. 2d at 714.  The court determined that due to his inexperience, the prosecutor likely did not "understand the implications of the things he was saying."

¶18  With regard to the second element—whether the prosecutor was trying to provoke a mistrial—the trial court found that to be "clear-cut."  The court described the prosecutor's response to the motion for mistrial as "almost … apoplectic" and that he seemed "shocked" when the court granted the motion.  The court stated that it believed that the prosecutor did not "understand … the prejudicial nature of the statements he had made."  Therefore, the court found that the prosecutor had not "made those statements with any designs to cause a mistrial."

¶19  The record supports those factual findings of the trial court; therefore, they are not erroneous.  *See **Hill***, 240 Wis. 2d 1, ¶12; *see also **Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶11, 290 Wis. 2d 264, 714 N.W.2d 530 ("[T]his court defers to the [trial] court's findings of fact unless they are unsupported by the record and are, therefore, clearly erroneous.")  Furthermore, those findings support the trial court's determination that the elements of the ***Copening*** test were not met, and thus prosecutorial overreach was not established. *See **id.***, 100 Wis. 2d at 714-15.

¶20  Smith also reiterates his argument that the State caused the mistrial to get another "kick at the cat," as set forth in ***Copening***, because it had failed to perform a thorough investigation prior to trial.  *See **id.***  Like the trial court, we also reject this argument.  First, Smith does not provide any legal support for this

contention, and generally we will not consider arguments that are not supported by legal authority. *See* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Moreover, we have concluded that the record supports the trial court's finding that the prosecutor's conduct was due to inexperience, and that he did not act with the intent of causing a mistrial. Thus, that information is irrelevant to this analysis.

¶21 Therefore, the trial court properly denied Smith's motion to bar the retrial of the charges against him. Accordingly, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.